UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN KEITH SANFORD,

                Petitioner,

v.                                Case No. 3:16-cv-663-J-39MCR

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

                Respondents.

_____

**<u>ORDER</u>**

## I.  INTRODUCTION

Petitioner Bryan Keith Sanford challenges a prison disciplinary conviction resulting in sixty days loss of gain time. Petitioner raises three claims for relief in his Petition (Doc. 1). Respondents filed a Response to Order to Show Cause (Response) (Doc. 6) with supporting Exhibits.[1] Petitioner filed a Reply Unto Respondent[s'] Response to Order to Show Cause (Reply) (Doc. 23). <u>See</u> Order (Doc. 7).  The Court deemed Petitioner's Response to Court's Order (Doc. 8) to be his notice that he does not intend to

_____

[1] The Court hereinafter refers to the exhibits contained in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the particular document will be referenced.  The Court will reference the page numbers assigned by the electronic docketing system where applicable.

reply. Order (Doc. 10). Based on the Petition and the Response, the Court concludes the Petition is due to be denied.[2]

## II. CLAIMS OF PETITION

Petitioner raises three grounds in his Petition: (1) a due process violation due to insufficient evidence being presented to support the "some evidence" standard established in <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 447 (1985); (2) a due process violation based on inadequate written notice of the charge and evidence as established in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974); and (3) a due process violation due to insufficient evidence being presented to support a showing of constructive or actual possession or use of a cellular telephone.

Respondents urge this Court to deny the Petition. Response at 15. The Court will address the three grounds raised in the Petition, <u>see</u> <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

## III. STANDARD OF REVIEW AND EXHAUSTION

The Eleventh Circuit, in <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1053 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1032 (2004), determined that "a state prisoner may file a habeas corpus petition to challenge the loss of gain time as a result of state prison

---

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined than an evidentiary hearing is not warranted.

disciplinary proceeding that allegedly violates his due process rights under 28 U.S.C. § 2241, although such a petition is governed by the restrictions set forth at 28 U.S.C. § 2254." Tedesco v. Sec'y for the Dep't of Corr., 190 F. App'x 752, 755-56 (11th Cir. 2006) (citing Medberry, 351 F.3d at 1054), cert. denied, 549 U.S. 1127 (2007). Therefore, this Court may not grant relief unless The Antiterrorism and Effective Death Penalty Act (AEDPA) parameters of review are satisfied. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017).

"AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The parameters of review are as follows:

> Thus, under AEDPA, a person in custody pursuant to the judgment of a state court shall not be granted habeas relief on a claim "that was adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293–94 (11th Cir. 2014).

As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Terry Williams v. Taylor, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." Id. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is

> "meant to be" a difficult standard to meet.
> Id. at 102, 131 S.Ct. 770.

Pittman, 871 F.3d at 1243-44.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The standard of proof is demanding, requiring that a claim be highly probable. Bishop v. Warden, GDCP, 726 F.3d 1243, 1258 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014).  Also, the state court's determination will not be superseded if reasonable minds might disagree about the factual finding.  Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts."  Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights that are due a defendant in a criminal proceeding do not apply in a prison disciplinary proceeding.  See Wolff, 418 U.S. at 556 ("[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution[.]").  It is important to note that inmates are entitled to some due process protections, and Wolff instructs that inmates must receive (1) advance written

notice of the charges against them; (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action. Id. at 563-66. Also of import, Hill instructs that the revocation of good time credits only satisfies minimal standards of procedural due process if "the findings of the prison disciplinary board are supported by some evidence in the record." Hill, 472 U.S. at 454. In determining whether there is "some evidence" in the record to support the disciplinary decision, this Court will not engage in a de novo review of the evidence. Id. at 455.

Petitioner exhausted his state remedies by filing a petition for mandamus in Florida state court. Ex. A. The circuit court, citing the Supreme Court's decisions in Wolff and Hill, denied the mandamus petition. Ex. A at 100-104. The First District Court of Appeal (1st DCA) denied Petitioner's petition for writ of certiorari. Ex. B at 170.

## IV. PROCEDURAL HISTORY

The Charging Disciplinary Report of Officer Leonel Lubo, dated February 27, 2015, states:

> On Friday February 27, 2015 at approximately 1230 hours, Sgt. L. Beheshti and I [Officer Leonel Lubo] were conducting a random cell search of H1-110 which houses inmates Sanford Brian DC#064854 and Bearden, Edward DC#095131.

During this search I found a black AT&T flip
phone. The phone has a magnet glued to the
battery cover and was attached to the back of
inmate Sanford's locker drawer. Upon
discovery of the device Inmate Sanford
admitted to owning the cell phone. Inmate
Sanford was taken to the shift OIC who
authorized the pre-confinement physical and
was placed in administrative confinement
pending disciplinary charges for 3-14;
possession or use of a cellular telephone or
any other type of wireless communication
device, or any components or peripherals to
such devices, including but not limited to any
other technology that is found to be in
furtherance of possessing or using a
communication device prohibited under section
944.47(1)(A)6.,F.S.

Ex. A at 50. The Disciplinary Report issued against Petitioner for

possession of a cellular telephone or any other wireless

communications device. Id.

On March 4, 2015, at approximately 10:07 p.m., an officer

delivered notification of the charge and hearing to Petitioner.

Id. The notification included information that Petitioner may

request staff assistance, be present for the hearing and make a

statement, make known witnesses for investigation, make a statement

in writing, and provide relevant information for the investigation.

Id. at 50-51.

Initially, Petitioner offered no statement to the

investigator. Id. at 53. Officer Lubo delivered a black AT&T

cellular flip phone with a magnet attached to it. Id. Petitioner

said he did not have any witnesses or evidence. Id. at 57-58; 64-

65. On March 5, 2015, Petitioner presented a written statement to

the disciplinary team.  Id. at 55.  He claimed he did not admit to being possession of a cell phone.  Id.  He said other inmates had access to the cell; therefore, he did not constructively possess the cell phone.  Id.  Finally, he said he could prove that the cell phone was found on his cell mate's locker.  Id.

On March 5, 2015, Sgt. Beheshti provided a written witness statement:

> On 2-27-2015 at approximately 1230 pm the following occurred.  While conducting a search of I/M Brian Sanford bunk area Ofc. Lubo found a cellphone.  It was a black AT&T phone. Inmate Sanford admitted this was his cell phone.  The search was also targeted for Inmate Sanford.  I suspected he had a cellphone.  The phone # [    ] with his voicemail[.]

Id. at 60.  Petitioner's cell mate, Edward Bearden, also provided a witness statement on March 5, 2015:  "I was present when the inspector found a cell phone in the cell I am assigned to.  As a result inmate Bryan Sanford was placed in conf."  Id. at 62.

The disciplinary team conducted the disciplinary hearing on March 5, 2015.  Id. at 48.  Petitioner attended the hearing, declined staff assistance and pled not guilty.  Id.  The team provided the basis for its decision:

> Inmate plea not guilty[.]  Team finds inmate guilty based on the statement of facts written by Officer Lubo stating "I were [sic] conducting a random cell search of H1-110. During this search I found a black AT&T flip phone.  The phone has magnet glued to the battery cover and was attached to the back of Inmate Sanford's locker drawer.  Upon discovery of the device Inmate Sanford

admitted to owning the cell phone.  Inmate was
advised that the number attached to the
cellular phone was provided and the voice on
the voicemail was a male's voice.  Officer L.
Allen present for observation purposes.

Id.  As a result of the finding of guilt, Petitioner received sixty

days loss of gain time and sixty days of disciplinary confinement.

Id.

Petitioner exhausted his administrative remedies.  Id. at 71-

93.  The response to Petitioner's grievance to the warden states,

in pertinent part: "[t]he witness statement provided by Sergeant

Beheshti was completed in accordance with policy.  During the

course of the hearing, in an effort to ensure an inmate's due

process, a witness may need to come and provide a statement on your

behalf or to clarify any issues the hearing team may have."  Id. at

76.   The Secretary's representative denied the administrative

appeal.  Id. at 93.

On May 28, 2015, Petitioner filed a Petition for Writ of

Mandamus in the Leon County Circuit Court.  Id. at 5-28.  He raised

a claim of violation of due process, asserting the facts did not

support the finding of guilt and procedural requirements were not

met.  Id. at 9-11.  He urged the court to find the facts presented

at the hearing failed to demonstrate that Petitioner actually or

constructively possessed the cell phone.  Id.  The circuit court,

relying on Wolff and Hill, denied the petition.  Id. at 100-104.

The court found "the Department afforded Petitioner with full due

process protection."  Id. at 101.  In denying Petitioner's claim of

deprivation of due process of law, the court noted that an investigation initiated on February 28, 2015; Petitioner received notice of the charge on March 4, 2015; Petitioner was given an opportunity to submit a witness statement and to request witnesses and evidence; and Petitioner received the written statement detailing the evidence relied upon and the basis for the decision. Id. at 101-102. As a result, the court held Petitioner failed to demonstrate a violation of his due process rights.

With regard to his claim of insufficiency of the evidence, the circuit court found there was sufficient evidence to support the finding of guilt. Id. at 102. The court referenced the evidentiary standard set forth in Hill of "some evidence" satisfying due process in a prison disciplinary proceeding revoking gain time credits. Ex. A at 102. The court noted that the report from a corrections officer is "some evidence," and in this case, the team found Petitioner guilty of the charge based on the cell search, his admission of ownership, the voice on the phone's voicemail system, the report written by Officer Lubo, and the statement provided by Officer Beheshti." Id. at 103.

In rejecting Petitioner's contention that there was no evidence proving constructive possession of the contraband, the court found that the finding of a cellular phone among Petitioner's personal items sufficient. Id. Indeed, the court found a sufficient connection existed between Petitioner and the contraband

to satisfy due process in a prison disciplinary setting.  Id. at 103-104.

On September 15, 2015, Petitioner filed a Petition for Writ of Certiorari in the 1st DCA.  Ex. B at 6-15.  The 1st DCA, on April 19, 2016, denied the petition on its merits.  Id. at 170.  The mandate issued on May 17, 2016.  Id. at 172.

### V.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A.  Grounds One and Three

The Court will first address grounds one and three:  (1) a due process violation due to insufficient evidence being presented to support the "some evidence" standard established in Hill, and (3) a due process violation due to insufficient evidence being presented to support a showing of constructive or actual possession or use of a cellular telephone.  Both of these grounds challenge the sufficiency of the evidence to support the finding of guilt to the disciplinary charge.

Upon review, the evidence presented at the hearing was more than sufficient to meet the "some evidence" standard for purposes of this Court's review.  The team relied on Officer's Lubo's written statement, which contained the following facts.  In a search, he found an AT&T flip phone.  It had a magnet glued to the battery cover and the phone was attached to the back of Petitioner's locker drawer.  Petitioner admitted owning the cell phone.  The voicemail on the phone had a male's voice.

Pursuant to <u>Medberry</u>, this Court reviews the adjudication of the state court only to determine whether the court's application of clearly established federal law was unreasonable. <u>Tedesco</u>, 190 F. App'x at 756. As long as there was some evidence from which the team's conclusion could be deduced, due process requirements are satisfied. This Court simply looks to see whether there is any evidence in the record that could support the team's conclusion. Here the team's decision had some basis in fact and was not so devoid of supporting evidence to be considered arbitrary.

The Leon County Circuit Court concluded a report from a corrections officer is some evidence, and in this instance a cell phone was found during a cell search, the phone was among Petitioner's personal items, Petitioner's admitted ownership, and the corrections officers provided written statements. The state court found that the evidence of the cell phone being amongst Petitioner's personal items sufficient to satisfy due process. Thereafter, the 1st DCA denied the petition for writ of certiorari.

The state courts applied the correct law in denying Petitioner relief. In this case, AEDPA deference is due. The state court's decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of federal constitutional law, or based on an unreasonable determination of the facts. Thus, grounds one and three are due to be denied.

**B.  Ground Two**

In ground two, Petitioner raises a due process violation, claiming inadequate written notice of the charge and evidence. Petition at 8. He asserts that the prison administration failed to provide him with adequate advance written notice of the charge and an explanation of all of the evidence considered. Id. at 9. Apparently, he bases this claim on the fact that Sgt. Beheshti's witness statement provided on March 5, 2015, the date of the disciplinary proceeding, stated the search of Petitioner's cell was a targeted search, as Sgt. Beheshti suspected Petitioner had a cell phone. Contrarily, Officer Lubo's statement contained in the disciplinary report dated February 27, 2015, stated he and Beheshti were conducting a random cell search and found the phone. Petitioner asserts the factual inconsistencies in these statements were overlooked in the record before the state courts, depriving Petitioner of his right to due process of law. Id.

Upon review, Petitioner has a protected liberty interest in his earned gain time credits. Dean-Mitchell v. Reese, 837 F.3d 1107, 1112 (11th Cir. 2016) (citing Wolff, 418 U.S. at 557-58). He claims he was deprived of these gain time credits without minimal procedural protections. The protections mandated by Wolff are reiterated in Dean-Mitchell v. Reese, 837 F.3d at 1112:

> In Wolff, the Supreme Court held that minimum due process protections in the context of a prison disciplinary hearing include the following: (1) advance written notice of the charges against the inmate (in this case, the Incident Report); (2) an opportunity for the inmate to call witnesses and present

documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action (here, the DHO report). <u>Id</u>. at 563-67, 94 S.Ct. 2963; <u>O'Bryant v. Finch</u>, 637 F.3d 1207, 1213 (11th Cir. 2011).

At issue in Petitioner's ground two is the first <u>Wolff</u> factor regarding adequate written notice of the charge.  The Leon County Circuit Court recognized the due process protections outlined in <u>Wolff</u> and found Petitioner was provided with advance written notice of the disciplinary charge on March 4, 2015.  Ex. A at 101-102.  Subsequently, the 1st DCA denied the petition for writ of certiorari.  Ex. B at 170.

"The purpose of the advance notice requirement . . 'is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact.'" <u>Wolff</u>, 418 U.S. at 564.  In this instance, the purpose was appropriately served because Petitioner was adequately informed that he was charged with possession of a cellular telephone or any other wireless communications device.  Ex. A at 50.  <u>See</u> <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 476 (11th Cir. 2015) (finding the advance notice sufficient even though the BOP charged the inmate with possession of a cellular phone but he was ultimately found guilty of conduct which disrupts or interferes with the security or orderly running of the institution).

In ground two, Petitioner contends that he should have been given advance written notice that Sgt. Beheshti's written witness statement referenced a targeted search, not a random search, a factually inconsistent statement with Officer's Lugo's charging statement. Petitioner's contention in ground two is unavailing; "nothing in <u>Wolff's</u> due process requirements requires advance notice of specific evidence that will be used against a prisoner at a disciplinary hearing." <u>Id</u>. Thus, under <u>Wolff</u>, Petitioner was not entitled to advance notice of Sgt. Beheshti's witness statement, and the team could rely on the evidence presented at the hearing to make its findings.

Upon review of the state court decisions, the courts applied the correct law in denying Petitioner relief. In this case, AEDPA deference is due. The state court's decision is not inconsistent with Supreme Court precedent. The state court's adjudication of this claim is not contrary to or an unreasonable application of federal constitutional law, or based on an unreasonable determination of the facts. Ground two is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[3] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of March, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/20
c:
Bryan Keith Sanford
Counsel of Record

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.